```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**DANTE' D. LANDRY, #07508-046**

        Petitioner,

v.                                                              2:06CV151

**VANESSA P. ADAMS, WARDEN**
**FEDERAL CORRECTIONAL COMPLEX**
**MEDIUM, PETERSBURG,**

        Respondents.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

Petitioner is currently, and at the time of the events in question, incarcerated in the Federal Correctional Complex (FCC) in Petersburg, Virginia. On February 6, 2003, petitioner was sentenced in the United States District Court for the District of Montana, to 330 months imprisonment for violation of federal drug laws. Petitioner does not, in this proceeding, attack the underlying convictions.

On September 26, 2005, at 8:30 p.m., petitioner was ordered to submit to a pat-down search of his person. Correctional Officer Hadley alleges that he witnessed petitioner walking to a waste basket and disposing of two homemade weapons. Hadley retrieved the weapons from the waste basket, and petitioner was subsequently charged with possession of a dangerous weapon, in violation of Bureau of Prisons (BOP) Code 104. Petitioner alleges that he did not submit to the search because he would

have been prevented from calling his family. Petitioner denies that he possessed or discarded any weapons and asserts that the weapons could have been discarded by one of any number of other inmates who were in the vicinity at that time.

On September 29, 2005, a unit disciplinary committee (UDC) heard the charge against petitioner, pursuant to 28 C.F.R. § 541.15(b). Petitioner requested that surveillance cameras be reviewed for exculpatory evidence. The UDC recognized the seriousness of the charge and referred the matter to a disciplinary hearing officer (DHO), pursuant to 28 C.F.R. § 541.15(h).

On October 14, 2005, petitioner's disciplinary hearing was conducted. The evidence against petitioner consisted of the correctional officer's eyewitness statement and written and photographic descriptions of the weapons retrieved from the waste basket. Petitioner denied the charge against him, asserting that several other inmates were potentially responsible. Petitioner declined to offer any material evidence or witnesses in his defense. The DHO found that "[t]he greater weight of the evidence clearly supports the charge." 28 C.F.R. § 541.16(c). The DHO imposed sanctions of thirty days disciplinary segregation, loss of forty-one days of good conduct credit, and loss of four months of commissary privileges. A report of the proceedings was prepared pursuant to 28 C.F.R. § 541.17(g), and on October 18, 2005, a copy was delivered to petitioner.

Petitioner properly and timely filed administrative appeals at the regional and national levels of the BOP, renewing his claim that videotape evidence should have been produced and that there was insufficient evidence to support the charges. On February 21, 2006, petitioner's final administrative appeal was denied.

On March 13, 2006, petitioner filed a petition for writ of habeas corpus in federal court, and on August 23, 2006, respondent filed an answer in opposition to the petition. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. Inadequate BOP disciplinary procedures violated petitioner's Fifth Amendment right to equal protection;

2. Petitioner was unconstitutionally deprived of liberty interests without due process when he was subjected to segregated confinement and loss of good time credits pursuant to DHO findings that were based upon insufficient evidence; and

3. Petitioner's substantive due process rights were violated when disciplinary authorities failed to review surveillance camera footage to confirm or refute the charges against him;

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Petitioner's Claims Are Without Merit

1. <u>Petitioner has failed to substantiate his equal protection claim</u>.

Petitioner claims that due to the unavailability of video evidence, the BOP disciplinary process was inadequate to protect his equal protection rights. Though equal protection is afforded to prisoners to protect them from discriminatory treatment by prison officials, prisoners are not recognized as a "suspect class." <u>Roller v. Gunn</u>, 107 F.3d 227, 233 (4th Cir. 1997). As such, prison regulations affecting constitutional rights are required only to satisfy a test of reasonableness. <u>Washington v. Harper</u>, 494 U.S. 210, 223-24 (1990). Under the reasonableness test, petitioner's equal protection claim must "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." <u>Morrison v. Garraghty</u>, 239 F.3d 648, 654 (4th Cir. 2001).

Petitioner's claim fails to allege any facts demonstrating that he has been treated differently or unequally from similarly situated individuals. Petitioner also fails to allege any facts demonstrating that he has been the subject of intentional or purposeful discrimination. Petitioner lacks the "specific, non-conclusory factual allegations" necessary to support his equal protection claim. See Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003). The claim is without merit and should be DISMISSED.

> 2. Petitioner's due process rights were not violated by a deprivation of liberty interests based on insufficient evidence.

Petitioner asserts that he was denied due process when, based upon the evidence presented against him at the hearing, he was found guilty and punished for possession of a dangerous weapon, in violation of BOP Code 104. Petitioner notes that no weapons were ever found on his person. Petitioner claims that this fact, along with the fact that videotape evidence was not introduced to support the charge, demonstrates that the DHO lacked sufficient grounds to support his findings. Thus, petitioner claims that his punishment--punitive segregation and loss of good time credits--constitutes a loss of liberty interests without due process.

As to petitioner's segregated confinement, prison officials are generally afforded full discretion to control prisoner classifications. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Furthermore, administrative segregation is an unexceptional condition that inmates should reasonably expect to face during their time in prison. Baker v. Lyles, 904 F.2d 925, 931 (4th Cir. 1990). As such, freedom from punitive segregated confinement does not inherently represent a constitutionally protected liberty interest. Sandin v. Conner, 515 U.S. 472, 485-86 (1995). So long as petitioner's punitive

confinement mirrored that of other prisoners in administrative segregation, the confinement does not constitute an "atypical, significant deprivation," which creates a liberty interest. Id. The record does not indicate that petitioner's punitive segregated confinement was "atypical" of that which similarly situated inmates experience. As such, petitioner was not denied due process by imposition of punitive segregated confinement.

It is undisputed that prisoners possess a constitutionally protected liberty interest in good time credits. Wolff v. McDonnell, 418 U.S. 539, 556-58 (1974). As such, punitive cancellation of good time credits demands due process of law. Id. Due process requires that prison disciplinary hearings which result in loss of good conduct credit must include: (1) written notice of the charges at least twenty-four hours prior to the hearing, (2) the opportunity to present evidence and call witnesses, and (3) a written statement by the factfinder detailing the evidence relied upon and the basis for the decision. Wolff, 418 U.S. at 563-67. Additionally, the Supreme Court has recognized that due process is not satisfied in this context, unless the findings of a prison disciplinary authority are supported by sufficient evidence. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454-55 (1985). However, the evidentiary standard necessary to comply with the minimum requirements of due process is very low, requiring only that revocation of good time credits be supported by "some evidence." Id. at 454. Thus, a prisoner's loss of liberty interests violates due process only when "the decision is not supported by any evidence." Id. at 455.

Petitioner alleges that his due process rights were violated because of insufficient evidence. The record shows that Hadley provided eyewitness testimony to the DHO, implicating petitioner of having possession of unlawful weapons. Additionally, the DHO considered visual

5

and descriptive evidence of the weapons Hadley retrieved from the waste basket. In asking "the relevant question [of] whether there is any evidence in the record that could support the conclusion reached," the answer in petitioner's case is, yes. Hill, 472 U.S. at 455-56. The evidence relied upon by the DHO clearly exceeds the "modicum of evidence" necessary to justify revocation of petitioner's good time credits. Id. at 454-55. Petitioner was not denied due process in the loss of his liberty interests. The claim is without merit and should be DISMISSED.

### 3. Petitioner's substantive due process rights were not violated by the unavailability of surveillance video evidence.

Petitioner claims that the failure of the prison staff to provide surveillance video footage and the failure of the authorities to review such footage, violated his substantive due process rights. Brady v. Maryland, 373 U.S. 83, 87 (1963). Brady states that due process is violated in a criminal trial when the prosecution withholds evidence favorable to the accused and material to guilt or punishment. Persuasive authority suggests that the rule should also apply to prison disciplinary procedures. Chavis v. Rowe, 643 F.2d 1281, 1286 (7th Cir. 1981).

However, even when applying Brady to petitioner's claim, it is clear due process was not violated. Petitioner asserts no facts supporting a claim that exculpatory evidence exists in the form of video surveillance footage. To the contrary, the BOP has submitted to the Court sworn testimony that no such exculpatory evidence exists. (See Decl. of Vashtine Jasey.) Absent any indication of the existence of exculpatory evidence, let alone prejudice resulting from a failure to disclose it, the Court cannot find any violation of due process as a result of the unavailability of video surveillance footage.

As noted supra, due process for prison disciplinary hearings is satisfied when the findings of the disciplinary authority are

6

supported by "some evidence." <u>Hill</u>, 472 U.S. at 454. "Some evidence" does not in any way imply that prison disciplinary bodies must consider all possible evidence. The record demonstrates that the BOP investigating officer thoroughly investigated the charges against petitioner. The record further demonstrates that the evidence presented by the investigating officer to the DHO was sufficient to support the punishment petitioner received. As such, petitioner's due process rights were not violated by the absence of additional evidence in the form of video surveillance footage. The claim is without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. <u>See</u> 28 U.S.C. § 636(b)(1)(C)(2000); F<small>ED</small>.R.C<small>IV</small>.P. 72(b). A party may respond to

another party's objections within ten days after being served with a copy thereof.

  2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

  The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

          /s/
         **James E. Bradberry**
         **United States Magistrate Judge**

**Norfolk, Virginia**
  **March 19**  , 2007

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

>Dante' D. Landry, #07508-046, <u>pro</u> <u>se</u>
>FCC-Medium
>P.O. Box 90043
>Petersburg, VA  23804


>Susan L. Watt, Esq.
>Assistant United States Attorney
>United States Attorney's Office
>101 West Main Street, Suite 8000
>Norfolk, VA 23510


>>Fernando Galindo, Acting Clerk


>>By _____
>>            Deputy Clerk

_____, 2007